**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 7 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Lan Le                                                          Plaintiff

v.

4:16cv383-JM

Southern Service Systems, Inc.
d/b/a Southern Collection System;
and John Does I-X                                               Defendant

## Complaint

1.    This is an action for damages brought by Lan Le, an individual consumer, for Defendant Southern Service Systems, Inc. d/b/a Southern Collection System's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Arkansas Fair Debt Collection Practices Act (AFDCPA); Ark. Code Ann. § 17-24-501, *et seq.*, the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101, *et seq.*, all of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Lan Le also brings common law claims for the invasions of her personal privacy by Defendant and its illegal efforts to collect a consumer debt from her.

### Parties

2.    Plaintiff Lan Le is a citizen of Pulaski County, Arkansas, and was so at the time of the events establishing this Complaint. Lan Le is a "consumer" as as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2), and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

This case assigned to District Judge Moody
and to Magistrate Judge Ray

3.     Southern Service Systems, Inc. is a for profit domestic corporation organized under Arkansas law with its principal place of business at 11518 Fairview Drive, Little Rock, AR 72212. Southern Service Systems, Inc.'s registered agent is Cecil F. Tackett, 11518 Fairview Drive, Little Rock, AR 72212. Southern Service Systems, Inc. registered a fictitious name of Southern Collection System with the Arkansas Secretary of State, does business as Southern Collection System, and collects third-party debts as Southern Collection System. Southern Collection System is licensed as a "collection agency" with Arkansas' State Board of Collection Agencies. Defendant is referred to as Southern Collection System in this Complaint.

4.     John Does I-X are employees of whose name is not known to Plaintiff, are all "debt collectors" as defined by 15 U.S.C. § 1692a(6) Ark. Code Ann. § 17-24-502(5)(A), and are all "persons" as defined by Ark. Code Ann. § 4-88-102(5).

### Jurisdiction and Venue

5.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), because Lan Le's claims for violations of the FDCPA arise under the law of the United States. This Court has supplemental jurisdiction over Lan Le's remaining claims under 28 U.S.C. § 1367 because those claims are so related to her claims for violations of the FDCPA that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Southern Collection System is a resident of Arkansas and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## Factual Background

7.     On or about December 4, 2015, Stephen Cobb, an attorney, sent Lan Le a letter.[1] The letter included a subject line stating, in part, "RE: NOTICE OF INTENT TO SUE". The letter stated that Stephen Cobb's office had been retained by Southern Collection System to file suit against Lan Le to recover $1,200.00 and alleged Lan Le was indebted[2] to Arkansas Fertility in the amount of $1,200.00.[3] The letter stated that "[t]he law provides for repayment of court costs, attorney fees, and interest as awarded at the time of judgment. Garnishment and/or Writ of Execution may be issued against your wages and or property."

8.     On December 28, 2015, Lan Le, through her attorney, responded by letter,[4] certified mail and return receipt requested, to Mr. Cobb's letter

---

[1] Exhibit A (the letter was sent to Lan Bartlett, Lan Le's previous married name).

[2] The debt allegedly incurred by Lan Le is a financial obligation for person, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

[3] Exhibit A.

[4] Exhibit B.

threatening the lawsuit. The letter disputed the validity of the debt and requested verification of the debt.[3]

9.     On December 31, 2015, Roberta Cranston signed for the certified letter.[4]

10.     On December 31, 2015, Stephen Cobb sent another "NOTICE OF INTENT TO SUE" Letter[5] addressed to Lan Bartlett, but was sent to and received at her attorney's office. This letter was identical to the letter Mr. Cobb sent on December 4, 2015, except that it alleged Lan Bartlett was only indebted to Arkansas Fertility in the amount of $240.00.[6]

11.     On January 12, 2016, Roberta Cranston sent Lan Bartlett a letter[7], addressed to and received at her attorney's office. This letter, an apparent attempt to meet Southern Collection System's obligation to verify the alleged debt, stated an "AMOUNT OWING: $2,640.00" and enclosed two documents entitled Billing Statements from Arkansas Fertility & Gynecology Associates.

12.     On April 15, 2016, Southern Collection System sent Lan Le a letter[8], addressed to and received at her home address. The letter identified

---

[3] Exhibit C.

[4] Exhibit D.

[5] *Id.*

[6] Exhibit E.

[7] Exhibit F.

Arkansas Fertility as the original creditor, an "Amount of Debt: $240.00,"

and stated "To pay online go to www.southerncollect.com."[11] The letter was

signed by Kathy Mills, Account Manager.[12]

13.    The above-described collection communications and conduct of

Defendant and its employees and agents violated the FDCPA, the AFDCPA,

the ADTPA, and invaded Lan Le's privacy and her right to be left alone.

14.    The above-described conduct by Defendant and its employees

and agents were threats to file a lawsuit against Lan Le for a medical debt

on which the statute of limitations had already run under Ark. Code Ann. §

16-56-106(b), and for an amount of money that she did not owe her medical

provider.

15.    After receiving the letter threatening to sue her, Lan Le was

distress because she had not been treated at Arkansas Fertility since 2005,

and did not understand how she could now be sued many years later.

16.    In May 2016, Southern Collection System also reported to credit

reporting bureaus that Lan Le an amount of $1,200.00 as past due, but did

not report that Lan Le had disputed the debt. Lan Le discovered this when

she applied for a mortgage and was provided a Credit Plus, Inc. report,

which showed a Southern Collection System trade line.

---

[11] *Id.*

[12] *Id.*

17.   Defendant and its employees and agents conduct in attempting to collect this debt from Lan Le was the direct and proximate cause of severe emotional distress and has caused unnecessary strain on her family, has affected her work performance, and the conditions under which she could obtain a mortgage.

### Respondeat Superior Liability

18.   The acts and omissions of Stephen Cobb, Roberta Cranston, and Kathy Mills, and other employees and agents of Southern Collection System and its employees and agents who communicated with Lan Le were committed within the time and space limits of their agency relationship with their principal Southern Collection System.

19.   The acts and omissions of Stephen Cobb, Roberta Cranston, and Kathy Mills, and other employees and agents, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Southern Collection System in collecting consumer debts.

20.   By committing these acts and omissions against Lan Le, Stephen Cobb, Roberta Cranston, and Kathy Mills, and other employees and agents, were motivated to benefit their principal, Southern Collection System.

21.   Southern Collection System is therefore liable to Lan Le through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions that violated federal and state law by its collection employees, including but not limited to violations of the FDCPA, the

6

AFDCPA, the ADTPA, and Arkansas common law, in their attempts to collect a consumer debt from Lan Le.

## Standing

22.    Lan Le has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Southern Collection System described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court. Furthermore, Lan Le's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Arkansas' Legislature recognized the harm of collection agencies and debt collectors conducting unlicensed debt collection efforts towards Arkansas citizens.

23.    The FDCPA and the AFDCPA recognizes a consumer's right to retain and be represented by counsel, protects the consumer's relationship with their attorneys, and protects the attorney's authority to effectively represent the consumer by requiring a debt collector to communicate only with the attorney once the debt collector is informed of the attorney's retention, name, and address.

24.    Strong legal and ethical policies exist against threatening to file debt collection lawsuits (1) after the statute of limitations after the statute of limitations has expired and (2) for an amount of money a consumer does not owe. The FDCPA and the AFDCPA purposes is to protect

unsophisticated consumers, who might pay a time-barred debt rather than wait and assert a statute of limitations defense once a lawsuit has been filed. Statute of limitations reflect a legislative judgment that it is unjust to threaten to sue or to sue outside a specified period of time.

25.    The FDCPA, the AFDCPA, and Arkansas' common law recognize a consumers' right to privacy and provides redress for violation of those privacy rights, including the right to be left alone from illegal collection efforts. The ADTPA recognizes the risk of harm to persons who are subject to unconscionable, false, or deceptive acts or practices in business, commerce, or trade.

## Causes of Action

### Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

26.    Lan Le re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

27.    Southern Collection System violated the FDCPA. Southern Collection System's violations include, but are not limited to, the following provisions:

a.    Southern Collection System violated 15 U.S.C. § 1692c(a)(2) by communicating with a consumer after it knew the consumer to be represented by an attorney;

b.  Southern Collection System violated 15 U.S.C. § 1692d by participating in conduct the natural consequence of which is to harass, oppress, or abuse any person;

c.  Southern Collection System violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

d.  Southern Collection System violated 15 U.S.C. § 1692e(2) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt;

e.  Southern Collection System violated 15 U.S.C. § 1692e(4) by making false, deceptive, or misleading representations that nonpayment of the alleged debt would result in seizure, garnishment, or attachment;

f.  Southern Collection System violated 15 U.S.C. § 1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken;

g.  Southern Collection System violated 15 U.S.C. § 1692e(8) by communicating false credit information, including the failure to communicate that the debt was disputed;

h.  Southern Collection System violated 15 U.S.C. § 1692e(10) by make false representations or using deceptive means to collect the alleged debt;

    i.     Southern Collection System violated 15 U.S.C. § 1692f by making unfair and unconscionable means to collect or attempt to collect the alleged debt; and

    j.     Southern Collection System violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by an agreement creating the debt or permitted by law.

23.    As a result of the above violations of the FDCPA, Southern Collection System is liable to Lan Le for declaratory judgment that Southern Collection System's conduct violated the FDCPA, Lan Le's actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney fees under 15 U.S.C. § 1692k(a)(3).

### Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

24.    Lan Le re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

25.    Southern Collection System violated the FDCPA. Southern Collection System's violations include, but are not limited to, the following provisions:

    a.     Southern Collection System violated Ark. Code Ann. § 17-24-504(a)(2) by communicating with a consumer after it knew the consumer to be represented by an attorney;

b. Southern Collection System violated Ark. Code Ann. § 17-24-505(a) by participating in conduct the natural consequence of which is to harass, oppress, or abuse any person;

c. Southern Collection System violated Ark Code Ann. § 17-24-506(a) by making false, deceptive, or misleading representation or means in connection with the debt collection;

d. Southern Collection System violated Ark. Code Ann. § 17-24-506(b)(2)(A) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt;

e. Southern Collection System violated Ark. Code Ann. § 17-24-506(b)(4) by making false, deceptive, or misleading representations that nonpayment of the alleged debt would result in seizure, garnishment, or attachment;

f. Southern Collection System violated Ark. Code Ann. § 17-24-506(b)(5) by threatening to take any action that could not legally be taken or that was not intended to be taken;

g. Southern Collection System violated Ark. Code Ann. § 17-24-506(b)(8) by communicating false credit information, including the failure to communicate that the debt was disputed;

h.    Southern Collection System violated Ark. Code Ann. § 17-24-506(b)(10) by make false representations or using deceptive means to collect the alleged debt;

i.    Southern Collection System violated Ark. Code Ann. § 17-24-507(a) by making unfair and unconscionable means to collect or attempt to collect the alleged debt; and

j.    Southern Collection System violated Ark. Code Ann. § 17-24-507(b)(1) by attempting to collect an amount not authorized by an agreement creating the debt or permitted by law.

25.    As a result of the above violations of the FDCPA, Southern Collection System is liable to Lan Le for declaratory judgment that Southern Collection System violated the AFDCPA, Lan Le's actual damages under Ark. Code Ann. § 17-24-512(a)(1), statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), and costs and reasonable attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

### Count III – Violations of the ADTPA, Ark. Code Ann. § 4-88-101, et seq.

26.    Lan Le re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

27.    The ADTPA is designed to protect Arkansans from deceptive, unfair, and unconscionable trade practices. It is a remedial statute, which is to be construed broadly.

28.    Southern Collection Systems and its employees and agents are "persons" as defined in Ark. Code Ann. § 4-88-102(5).

29.    Southern Collection System's and its employees' and agents' conduct in described herein are deceptive and unconscionable trade practices made unlawful and prohibited by the ADTPA, including but not limited to engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade under Ark. Code Ann. § 4-88-107(a)(10).

30.    Southern Collection System's and its employees' and agents' conduct was willful and wanton.

31.    Lan Le suffered actual damages, including emotional distress and mental anguish, as a result of the violations of the ADTPA and my recover her actual damages and reasonable attorney's fees and costs under Ark. Code Ann. § 4-88-113(f).

### *Count IV – Invasion of Privacy by Intrusion Upon Seclusion*

38.    Lan Le re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

39.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA:

> There is an abundance of evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.[13]

---

[13] 15 U.S.C. § 1692(a).

40.   Southern Collection System's and its employees and agents intentionally and negligently intruded physically or otherwise upon Lan Le's solitude or seclusion and believed or was substantially certain that they lacked the necessary legal authority or personal permission, invitation, or valid consent to commit their intrusive acts.

41.   Southern Collection System's and its employees' and agent's intrusion was of a kind that would be highly offensive to a reasonable person, as a result of conduct to which a reasonable person would strongly object.

42.   Lan Le conducted herself in a manner consistent with an actual expectation of privacy.

43.   Southern Collection System's and its employees and agents' intrusion proximately caused Lan Le's actual damages.

### Jury Demand

44.   Lan Le demands a jury trial.

### Prayer for Relief

Lan Le respectfully prays that judgment be entered against Southern Collection System for her actual damages, statutory damages, costs and reasonable attorney fees, and for such other relief as may be just and proper.

Date: June 17, 2016               Respectfully submitted

                                  Corey D. McGaha
                                  Ark. Bar No. 2003047
                                  William T. Crowder
                                  Ark. Bar No. 2003138

CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

# STEPHEN COBB

Attorney At Law
P. O. Box 2457
Little Rock, Arkansas 72203
(501) 219-4727
(800) 537-0136

---

12/4/2015

BARTLETT, LAN
7101 GAP RIDGE DRIVE
SHERWOOD, AR 72120

RE: NOTICE OF INTENT TO SUE
CREDITOR - ARKANSAS FERTILITY
ACCOUNT #: 106105A511G2
BALANCE: $1,200.00

My office has been retained by Southern Collection System to file suit to recover the above amount which you are indebted to the named creditor.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law provides for repayment of all court costs, attorney fees, and interest as awarded at the time of judgment. Garnishment and/or Writ of Execution may be issued against your wages and or property. As a professional courtesy to you, I am notifying you that a suit may be filed if you have not contacted my office within a reasonable time with payment in full or satisfactory arrangements.

Sincerely,

Stephen Cobb, Attorney #85028

cc: Southern Collection System
11518 Fairvew Drive
Little Rock, Arkansas 72212

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Exhibit A



**CROWDER MCGAHA,** LLP
ATTORNEYS AT LAW

5507 Ranch Drive, Suite 202
Little Rock, AR 72223

William T. Crowder
wcrowder@crowdermcgaha.com

Corey D. McGaha*
cmcgaha@crowdermcgaha.com

Phone: 501.205.4026
Fax: 501.367.8208
www.crowdermcgaha.com

*Also admitted in Texas

28 December 2015

Mr. Stephen Cobb
Attorney at Law
P.O. Box 2457
Little Rock, AR 72203

Dear Mr. Cobb,

      I represent Lan Le. Mrs. Le previous married name was Lan Bartlett.

Mrs. Le received a letter from you addressed to her under her previous married name. The letter from you was dated 12/4/2015 and stated your intention to sue her on behalf of Southern Collection System for an account with a balance of $1,200.00 and identifying the creditor as Arkansas Fertility.

      Mrs. Le disputes the validity of this debt and exercises her rights under the federal Fair Debt Collection Practices Act and the Arkansas Fair Debt Collection Practices Act that you verify this debt. Additionally, Mrs. Le demands you provide the name and address of the original creditor.

Cordially,

Corey D. McGaha

Exhibit B

**UNITED STATES POSTAL SERVICE**



**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

• Sender: Please print your name, address, and ZIP+4® in this box•

Corey McGaha
Crowder McGaha, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR ~~72223~~
72223

LLe [FDCPA] SCS

USPS TRACKING#

Exhibit C

9590 9403 0854 9089 7862 60

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stephen Cobb
P.O. Box 2457
Little Rock, AR 72203



9590 9403 0254 5155 7862 58

2. Article Number (Transfer from service label)

7014 1200 0002 3016 5828

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Don Hansen □ Agent
□ Addressee

B. Received by (Printed Name) | C. Date of Delivery



D. Is delivery address different from item 1? □ Yes
   If YES, enter delivery address below: □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☒ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053    Domestic Return Receipt

# STEPHEN COBB

Attorney At Law
P. O. Box 2457
Little Rock, Arkansas 72203
(501) 219-4727
(800) 537-0136

---

12/4/2015

BARTLETT, LAN
7101 GAP RIDGE DRIVE
SHERWOOD, AR 72120

RE: NOTICE OF INTENT TO SUE
CREDITOR - ARKANSAS FERTILITY
ACCOUNT #: 106105A511G2
BALANCE: $1,200.00

My office has been retained by Southern Collection System to file suit to recover the above amount which you are indebted to the named creditor.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law provides for repayment of all court costs, attorney fees, and interest as awarded at the time of judgment. Garnishment and/or Writ of Execution may be issued against your wages and or property. As a professional courtesy to you, I am notifying you that a suit may be filed if you have not contacted my office within a reasonable time with payment in full or satisfactory arrangements.

Sincerely,

Stephen Cobb, Attorney #85028

cc: Southern Collection System
    11518 Fairvew Drive
    Little Rock, Arkansas 72212

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Exhibit D

## *SOUTHERN COLLECTION SYSTEM*

**11518 FAIRVIEW DRIVE**
**PO BOX 25006**
**LITTLE ROCK, AR  72221**

**Telephone 501-219-4727**
**1-800-537-0136**

JANUARY 12, 2016

LAN BARTLETT
7101 GAP RIDGE DRIVE
SHERWOOD AR 72120

RE: ARKANSAS FERTILITY

SOUTHERN COLLETIONS #66478418, ETC ALL..

AMOUNT OWEING: $2640.00

ENCLOSED PLEASE FIND THE ITEMIZED STATEMENT THAT YOU
REQUESTED.

THANK YOU,

*Roberta*

ROBERTA CRANSTON
LEGAL MANAGER

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

Exhibit E

# SOUTHERN COLLECTION SYSTEM

Telephone (501) 225-3802
(800) 537-0136

11518 Fairview Drive
P. O. Box 25006
Little Rock, Arkansas 72221

Lan Le
7101 Gap Ridge Dr.
Sherwood, AR  72120

April 15, 2016

In response to your request for information pertaining to above referenced debt, I have listed the following:

    Original Creditor: Arkansas Fertility
    Account Number: 67061822
    Amount of Debt: $240.00
    Consumer SS #: xxx-xx-8629

I am also enclosing a copy of an itemized statement.   To pay online go to www.southerncollect.com.

Sincerely,

*Kathy Mills*

Account Manager

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Exhibit F

# Verification

State of Arkansas   )
County of Pulaski   )

Under 28 U.S.C. § 1746, Plaintiff Lan Le, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.   I am the Plaintiff in this civil action.

2.   I have read the foregoing Complaint prepared by my attorneys.

3.   I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.

4.   I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

5.   I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.

6.   I have filed this Complaint in good faith and solely for the purposes set forth in it.

7.   Each and every exhibit I provided to my attorneys attached to the Complaint is a true and correct copy of the original.

8.   Except for any clearly indicated redactions made by my attorneys, I have not altered, changed, modified, or fabricated these exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

This ⌐⌐ day of June, 2016.

_____
Lan Le